## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER S. BARRY,

> *Plaintiff*,

v.

DEBRA HAALAND, Secretary,
Department of the Interior,

> *Defendant.*

No. 19-cv-3380 (DLF)

## <u>MEMORANDUM OPINION</u>

Plaintiff Christopher Barry, appearing pro se, brings this action against Debra Haaland in her official capacity as the Secretary of the Interior.[1]  Barry asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and the Privacy Act, 5 U.S.C. § 552a, *et seq.*  Before the Court is the Secretary's Motion to Dismiss, or, Alternatively for Summary Judgment, Dkt. 15, and Barry's Motion for Leave to Amend, Dkt. 23.  For the reasons that follow, the Court will grant the Secretary's motion in part and deny it in part, and will deny Barry's Motion for Leave to Amend without prejudice.

---

[1] When this suit began, David Bernhardt was the Secretary of the Interior.  When Debra Haaland became the Secretary, she was automatically substituted as the proper defendant.  *See* Fed. R. Civ. P. 25(d).

## I.    BACKGROUND[2]

Barry is the former Director of National Training at the Bureau of Safety and Environmental Enforcement within the Department of the Interior ("DOI").  Am. Compl. ¶ 4, Dkt. 5.  He was hired in September 2011.  *Id.* ¶ 10.  In this role, Barry directly reported to Doug Morris, Chief of Offshore Programs.  *Id.*

The working relationship between Barry and Morris soon deteriorated.  From December 2011 through April 2012, Barry reported "widespread abuse, Prohibited Personnel Practices[,] and mismanagement" by Morris and other employees.  *Id.*  He also contacted the DOI Inspector General.  Pl.'s Opp'n at 1, Dkt. 17.  In April 2012, Barry filed an equal employment opportunity ("EEO") complaint against Morris "for [i]llegal contracting, illegal hiring practices, creating an extremely hostile working environment, and mismanagement."  *Id.*  The complaint was referred to the Merit Systems Protection Board ("MSPB").  Am. Compl. ¶ 11.

Following Barry's 2012 complaint, Barry alleges that Morris "sought [Barry's] resignation by fabricating a negative performance appraisal against him, and falsely accusing him of creating a hostile working environment," *id.*, which led to Barry's "[c]onstructive [d]ischarge" in June 2012, *id.* ¶¶ 11, 14; Pl.'s Opp'n at 1; *see also id.* at 2 (stressing that Barry resigned from DOI due to a hostile working environment created by Doug Morris).

According to Barry, Morris's alleged retaliation did not stop there.  Rather, Morris allegedly "launched a campaign of 'Blacklisting,' retaliation, and discrimination against [Barry]," Pl.'s Opp'n at 1, and "continued to lie to any prospective employer who called DOI for reference checks," Pl.'s Reply in Supp. of Mot. to Amend at 2, Dkt. 25.  Morris's alleged

---

[2]  Because Barry is proceeding pro se, these facts are taken from his complaint, "supplemented as necessary by his other filings."  *Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019).

"campaign" was motivated, in part, by the fact that Barry "filed previous DOI [Inspector General] and EEO complaints against [him]."  Pl.'s Sur-Reply at 1, Dkt. 19.  Moreover, Barry claims "[t]here are others that filed EEO complaints against [Morris] and they were blacklisted also. . . . and [have] suffered because they engaged in [a] protective activity."  *Id.* at 2.

In October 2014, two months before "the then scheduled MSPB hearing," Barry alleges that Morris was interviewed by "OPM Security Investigators" and told them that Barry "received an unsatisfactory midyear performance evaluation."  Am. Compl. ¶ 12.  Morris also stated that Barry "made a number of racial slurs," "was overheard screaming at [an] employee," and had been accused of "[c]ontract fraud, leave fraud, credit card fraud," and "several procurement concerns."  *Id.*  As noted, Morris allegedly made these "false claims" in order "to retaliate against and blacklist [Barry]" for filing EEO complaints against him.  *Id.*; *see also* Pl.'s Opp'n at 1–2 ("[Morris's] lies/perjury are retaliation for my reporting him of his crimes, of which cost him his Federal career.").  Barry also alleges that Morris made these claims because Barry is "gay, male, [and] white," Pl.'s Sur-Reply at 1, and that Morris "violated [Barry's] right to privacy by discussing information with OPM."  Am. Compl. ¶ 12.

Following the MSPB proceedings, DOI allegedly "admitted in EEO documents" that Morris's claims about Barry were false.  *See* Pl.'s Sur-Reply at 2.  Even so, Barry claims that Morris's comments led the Department of Homeland Security to withdraw its job offer to Barry in 2014, and that Morris's comments also cost Barry his security clearance.  *Id.* at 1.  Barry further alleges that Morris "continues to assert incorrect claims . . . to OPM Investigators and prospective employers."  *Id.*; *see, e.g.*, Am. Compl. ¶ 2 (asserting that "numerous untruthful statements [are] still currently appearing in [Barry's] personnel security file"); Pl.'s Opp'n at 2

(explaining that Barry "was always being denied employment after [the] reference checks were done" as a result of Morris's comments).

Barry filed this action on November 7, 2019, *see* Dkt. 1, and filed his amended complaint on December 16, 2019, Am. Compl.  Thereafter, the Secretary filed the instant motion, Def.'s Mot. to Dismiss, or Alternatively for Summary Judgment ("Def.'s Mot."), and Barry filed a motion for leave to amend.  Both motions are fully briefed.

## II.   LEGAL STANDARDS

### A.  Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).  When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).  But the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted).  A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### B.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not plead "detailed factual allegations," he must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *Iqbal*, 556 U.S. at 679, and the plaintiff receives "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  When a plaintiff proceeds pro se, the Court must consider the complaint "in light of all filings, including filings responsive to a motion to dismiss."  *Johnson*, 927 F.3d at 541 (internal quotation marks omitted).  While a pro se complaint is entitled to a liberal construction, *Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009), the assumption of truth does not extend to a "legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

### C.  Rule 56

Rule 56 of the Federal Rules of Civil Procedure allows the court to grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A fact is "material" when it has the potential to change the substantive outcome of the litigation.  *See Liberty Lobby*, 477 U.S. at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  A dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party.  *See Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895.  "If there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Holcomb*, 433 F.3d at 895 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### D.  Rule 15(a)(2)

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[w]hen evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint."  *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment "is futile and should be denied" when it "would not survive a motion to dismiss—such as where a claim sought to be added is barred by the statute of limitations."  *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018); *see, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  This review for futility is functionally "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint."  *In re Interbank Funding Corp. Secs. Litig.*,

629 F.3d 213, 216 (D.C. Cir. 2010) (internal quotation marks omitted).  Thus, when assessing a

motion for leave to amend, "the Court is required to assume the truth of the allegations in the

amended complaint and construe them in the light most favorable to the movant."  *Flaherty v.*

*Pritzker*, 322 F.R.D. 44, 46 (D.D.C. 2017) (citing *Caribbean Broad. Sys. v. Cable & Wireless*

*PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)).  The party opposing amendment "bears the burden

of showing why an amendment should not be allowed."  *Abdullah v. Washington*, 530 F. Supp.

2d 112, 115 (D.D.C. 2008).

## III.    ANALYSIS

Construing Barry's pro se complaint liberally, he asserts three claims: a retaliation claim

under Title VII,[3] *see* Am. Compl. ¶¶ 11–12, 14, a FOIA claim, *see id.* ¶ 14; Pl.'s Opp'n at 2; Pl.'s

Sur-Reply at 1, and a Privacy Act claim, *see* Am. Compl. ¶ 12; Pl.'s Sur-Reply at 1.  He also

seeks leave to amend his complaint to add allegations related to his retaliation claim.  Pl.'s Mot.

for Leave to Am. Compl.  The Court will address each in turn.

---

[3] To the extent that Barry's complaint can be fairly read to allege a discrimination claim under
Title VII, he fails to state a claim.  In a single sentence of his complaint, Barry alleges that DOI
engaged "in an effort to discriminate against [Barry]."  Am. Compl. ¶ 1; *see also* Pl.'s Sur-Reply
at 1 (alleging DOI discriminated against Barry because he is "gay, male, [and] white.").  But
aside from this conclusory allegation, Barry offers no facts that would give rise to a reasonable
inference of unlawful discrimination on account of his race, gender, or sexual orientation.  While
Barry "need not plead facts showing each of the[] elements" of a prima facia case of
discrimination, *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161 (D.C. Cir. 2015), he must
plead facts with enough specificity to allow the Court to draw a "reasonable inference" that DOI
discriminated against Barry in violation of Title VII, *Iqbal*, 556 U.S. at 678.  Barry's
unsupported allegations fail to meet this bar.  *See Slate v. Pub. Def. Serv. for the District of
Columbia*, 31 F. Supp. 3d 277, 297–98 (D.D.C. 2014) (dismissing a Title VII claim for gender
discrimination where "there is nothing to support a causal inference that gender was [the
department's] motivating factor, other than the plaintiff's conclusory allegations").

### A.  Title VII Claim

Title VII prohibits employers from discriminating against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation."  42 U.S.C. § 2000e-3(a).  To establish a prima facie case of retaliation under Title VII, a plaintiff "must show (1) that [the] employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two."  *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013).  The Secretary concedes that Barry's 2012 EEO complaint constitutes protected activity, but she contests the final two elements.  *See* Def.'s Mot. at 9–10.

Starting with the second element, an employer's action is sufficiently adverse to support a retaliation claim if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Baird v. Gotbaum*, 662 F.3d 1246, 1249 (D.C. Cir. 2011) (internal quotation marks omitted).  Such actions "are not limited to discriminatory actions that affect the terms and conditions of employment," *id.* (internal quotation marks omitted), but a plaintiff alleging retaliation must suffer "objectively tangible harm," *Hornsby v. Watt*, 217 F. Supp. 3d 58, 64–66 (D.D.C. 2016).  Post-employment actions can amount to a materially adverse action. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 339 (1997).  As this circuit has recognized, "efforts by an employer to scuttle a former employee's search for a new job, such as by withholding a letter of recommendation or by providing negative information to a prospective employer, can constitute illegal retaliation."  *Passer v. Am. Chem. Soc.*, 935 F.2d 322, 331 (D.C. Cir. 1991) (collecting cases).

Taking Barry's allegations as true, as the Court must, Morris's "campaign of [b]lacklisting," Pl.'s Opp'n at 1, involved spreading false claims about Barry to prospective employers who sought a reference from DOI, Pl.'s Reply in Supp. of Mot. to Amend at 2. And as a result of Morris's comments, Barry suffered "objectively tangible harm," *Hornsby*, 217 F. Supp. 3d at 66, specifically, the withdrawal of a job offer and the revocation of his security clearance, Pl.'s Sur-Reply at 1. Because Morris's comments "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted), Barry has alleged sufficient facts to support a plausible inference that he was subjected to a materially adverse action.

Turning to causation, the third element, a plaintiff asserting a claim of retaliation must allege sufficient facts that plausibly establish that his employer "took materially adverse action against him *because* he participated in protected activity." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013) (emphasis added); *see Billington*, 737 F.3d at 772. Causation can be established by either direct evidence or inference. *See Sharma v. District of Columbia*, 791 F. Supp. 2d 207, 219–20 (D.D.C. 2011). "The initial burden for a plaintiff facing a motion to dismiss is therefore not incredibly high, as 'the plaintiff need only establish facts adequate to permit an inference of retaliatory motive.'" *Baker-Notter v. Freedom Forum, Inc.*, No. 18-cv-2499, 2019 WL 4601726, at *7 (D.D.C. Sept. 23, 2019) (quoting *Forman v. Small*, 271 F.3d 285, 299 (D.C. Cir. 2001)).

The Secretary maintains that Barry has failed to meet this burden because "several years" passed between Barry's complaint and Morris's comments to OPM investigators. Def.'s Mot. at 10–11. But temporal proximity is "not the only way" to prove causation. *Craig v. District of*

*Columbia*, 881 F. Supp. 2d 26, 35 (D.D.C. 2012).  A plaintiff may instead "rely on other evidence to prove causation, including statements made by [his] superiors," *id.*, or a "pattern of antagonism," *Taylor v. Solis*, 571 F.3d 1313, 1323 (D.C. Cir. 2009).

The amended complaint alleges that Barry reported "mismanagement" by Morris and other DOI employees in 2012.  Am. Comp. ¶ 10; *see also* Pl.'s Opp'n at 1.  Soon thereafter, Morris "falsely accus[ed] [Barry] of creating a hostile work environment" in a mid-term performance review, Am. Compl. ¶ 11, "because . . . [Barry] filed previous DOI [Inspector General] and EEO complaints against [him]," Pl.'s Sur-Reply at 1.  In "fabricating a negative performance appraisal," Morris "sought [Barry's] resignation," which led to Barry's "[c]onstructive [d]ischarge" in June 2012.  Am. Compl. ¶¶ 11, 14; *see also* Pl.'s Opp'n at 1.  And even after Barry's departure, Morris and DOI management "launched a campaign of [b]lacklisting," Pl.'s Opp'n at 1, that involved continually lying about Barry "to any prospective employer who called DOI for reference checks," Pl.'s Reply in Supp. of Mot. to Amend at 2, and lying about Barry during the 2014 OPM investigation, *id.*

Drawing all reasonable inferences in Barry's favor, a causal connection between Barry's 2012 EEO complaint and Morris's false comments about Barry "is plausible on its face," *see Twombly*, 550 U.S. at 570, in light of Morris's alleged "pattern of antagonism," *Taylor*, 571 F.3d at 1323.  Barry has thus cleared the "low bar" of alleging sufficient facts to permit a plausible causal inference.  *See Baker-Notter*, 2019 WL 4601726, at *7.  Accordingly, the Court denies the Secretary's motion to dismiss with respect to Barry's retaliation claim.[4]

---

[4] The Secretary also argues that she is entitled to summary judgment with respect to Barry's retaliation claim because Barry failed to exhaust his administrative remedies.  *See* Def.'s Mot. at 8–9, 11–12; Callis Decl., Dkt. 15-5.  Because the record is unclear and not fully developed on this point, the Court will not convert the Secretary's motion to dismiss Barry's retaliation claim into one for summary judgment.  *Compare* Pl.'s Reply in Supp. of Mot. to Amend at 1 ("The

### B.  FOIA Claim

Barry purports to assert a FOIA claim on the grounds that DOI possesses "and refuses to release . . . reports that show the mismanagement and prohibited personnel practices of Morris and others."  Am. Compl. ¶ 14.

FOIA provides for the release of government records where certain conditions are met, and "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA."  *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (internal quotation marks omitted).  This "means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response."  *Id.* (internal quotation marks omitted).  "[T]he FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review."  *Id.* at 677 (internal quotation marks omitted) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)).  "FOIA cases typically and appropriately are decided on motions for summary judgment,"[5] *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009), and

---

Plaintiff's initial complaint was timely filed with this court based on the date of the EEOC's final decision."), *with* Def.'s Mot. at 12 (asserting that the EEOC "issued its decision on [Barry's underlying EEO complaint] on June 12, 2018" and therefore "Barry was obligated to file his Complaint by September 10, 2018").  Barry references multiple EEO proceedings, *see* Am. Compl. ¶¶ 3, 12; *see also* Pl.'s Opp'n at 2, while the Secretary focuses exclusively on one EEO complaint, *see* Callis Decl. ¶ 4, but does not include the final EEOC decision.  The Secretary may renew her motion at the appropriate time.

[5] Accordingly, the Court will treat the Secretary's motion as one for summary judgment with respect to Barry's FOIA claim.  In doing so, the Court notes that the Secretary requested summary judgment in the alternative, *see generally* Def.'s Mot., and attached a statement of undisputed material facts to her motion, *see* Def.'s Statement of Undisputed Material Facts ¶ 4, Dkt. 15-6; *see also* June 1, 2020 Order, Dkt. 16 (advising Barry of the consequences of failing to respond to the evidence and factual assertions put forth by the Secretary).  Though Barry has requested leave to proceed to discovery, *see* Pl.'s Mot. for Leave, Dkt. 21, his discovery request relates solely to his Title VII claim, *see id.*

"summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith," *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (alterations and internal quotation marks omitted).

In March 2019, Barry submitted a FOIA request to DOI for "[a]ll investigations and [Inspector General] reports concerning Doug Morris." Rychak Decl. ¶¶ 5–6, Dkt. 15-3. DOI responded to this request in April 2019, indicating that the information sought was exempt from disclosure pursuant to FOIA exemptions 6 and 7(c). *Id.* ¶¶ 7–9. At that time, DOI also advised Barry of his right to an administrative appeal. *Id.* Barry does not dispute that he did not file an administrative appeal, and he offers no excuse in his complaint or briefs for his failure to do so. *See* Def.'s Statement of Undisputed Material Facts ¶ 4; Pl.'s Opp'n at 2 (not disputing this fact), Pl.'s Sur-Reply at 1 (same). Because Barry did not exhaust his administrative remedies, "summary judgment on this issue is consistent with the purposes of exhaustion and FOIA's detailed administrative scheme." *Porter v. C.I.A.*, 778 F. Supp. 2d 60, 68 (D.D.C. 2011).

### C. Privacy Act Claim

Barry also alleges that DOI "violated the Privacy Act," Am. Compl. ¶ 1, and his "right to privacy," *id.* ¶ 12, by failing to remove "numerous untruthful statements" in his "personnel security file," *id.* ¶ 2

"Under the Privacy Act, an 'agency that maintains a system of records' shall permit individuals 'to request amendment of a record pertaining' to him or her." *Doe v. Rogers*, No. 12-cv-1229, 2020 WL 6381903, at *8 (D.D.C. Oct. 30, 2020) (quoting 5 U.S.C. § 552a(d)(2)). It also requires "that an agency 'permit' an individual who disagrees with 'the refusal of the agency

to amend his record' to request a review of that decision," *id.* (quoting 5 U.S.C. § 552a(d)(3)), and authorizes individuals to file a civil action against the agency if the agency has made a final determination "not to amend an individual's record in accordance with his request," 5 U.S.C. § 552a(g)(1)(A).  As the statute contemplates, a plaintiff must first exhaust his administrative remedies before bringing any such action.  *See Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990).  And "failure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by statute." *Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013).

Barry appears to advance an improper amendment claim under the Privacy Act, as he "seeks to compel" the Department to "rectify the numerous untruthful statements [that are] still currently appearing in his personnel security file."  Am. Compl. ¶ 2; *see also* Pl.'s Sur-Reply at 1.  The Secretary offers undisputed evidence that Barry failed to exhaust his administrative remedies, *see* Def.'s Statement of Undisputed Material Facts ¶ 1; Rychak Decl. ¶ 3; *see also* Def.'s Mot. at 5, and Barry neither disputes nor provides any explanation for his failure to submit a Privacy Act request to DOI, *see generally* Pl.'s Opp'n; Pl.'s Sur-Reply.  The Court therefore lacks jurisdiction over Barry's amendment claim, and must dismiss it pursuant to Rule 12(b)(1).[6] *See McKoy v. Spencer*, 16-cv-1313, 2019 WL 400615, at *3, 6 (D.D.C. Jan. 31, 2019).

---

[6] While the Secretary filed her motion pursuant to Rule 12(b)(6), rather than Rule 12(b)(1), *see generally* Def.'s Mot., exhaustion under the Privacy Act is a jurisdictional issue, *Barouch*, 962 F. Supp. 2d at 67; *see also McKoy*, 16-cv-1313, 2019 WL 400615, at *3, 6.  Accordingly, with respect to Barry's amendment claim under the Privacy Act, the Court will construe the Secretary's motion as "one brought pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as the [Secretary's] failure to argue the correct standard is not consequential," *Nat'l Bus. Aviation Ass'n, Inc. v. Fed. Aviation Admin.*, No. 18-cv-1719, 2020 WL 5995101, at *4 (D.D.C. Oct. 9, 2020).

13

To the extent that Barry's amended complaint can be read to assert an improper disclosure claim under the Privacy Act, *see* Am. Compl. ¶¶ 1, 12; *see also* Pl.'s Sur-Reply at 1, it too must fail.  The Privacy Act prohibits disclosure of "any record which is contained in a system of records by any means of communication," 5 U.S.C. § 552a(b), and the Act defines a "system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some . . . other identifying particular," *id.* § 552a(a)(5).  Privacy Act claims based on improper disclosure do not require exhaustion of administrative remedies, *see McKoy*, 2019 WL 400615, at *3, and have four elements: "(1) the disclosed information is a record contained within a system of records; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff."  *Doe v. U.S. Dep't of Justice*, 660 F. Supp. 2d 31, 44–45 (D.D.C. 2009).

Because the Secretary "references matters outside the pleadings," the Court must treat the Secretary's motion as one for summary judgment with respect to any improper disclosure claim.[7] *Pinson v. U.S. Dep't of Justice*, 61 F. Supp. 3d 164, 172–73 (D.D.C. 2015); *see also* Fed. R. Civ. P. 12(d).  Given that the Secretary has produced undisputed evidence that mid-term performance evaluations at the Bureau of Safety and Environmental Enforcement—"whether conducted in writing or verbally"—are not part of an employee's Official Personnel File or any other system of records, *see* Crespo Decl. ¶ 6, Dkt. 15-2; Def.'s Mot. at 5, she is entitled to summary judgment with respect to any alleged improper disclosure claim under the Privacy Act, *see Krieger v. U.S. Dep't of Just.*, 529 F. Supp. 2d 29, 49 (D.D.C. 2008).

---

[7] For the reasons stated *supra* at 11 n.5, the Court finds Barry has had a reasonable opportunity to present pertinent material outside of the pleadings with respect to his Privacy Act claim.  *See* Fed. R. Civ. P. 12(d).

### D.  Leave to Amend Complaint

Finally, Barry requests leave to amend his complaint so that he can add factual allegations related to his Title VII claim.  Although Barry has not attached a proposed amended complaint to his motion, he seeks to add facts gathered by a "private investigator [he hired] to determine who was . . . blacklisting him."  Mot. for Leave to Am. Compl. at 1.  According to Barry, these facts show that "the same management officials that [Barry] filed an EEO complaint against were the ones making intentionally false and misleading statements."  *Id.*

At this stage of the proceedings, Barry may not amend his complaint as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  Because the Secretary does not consent to Barry's amendment, *see generally* Def.'s Opp'n to Mot. to Amend, it is permitted only with leave of Court, *see* Fed. R. Civ. P. 15(a)(2).

The Court denies Barry leave to amend because he has failed to comply with Local Rule 15.1, which requires an attached copy of the proposed amended pleading.  *See* LCvR 15.1 ("A motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as amended."); *Kowal*, 16 F.3d at 1280 (failing to attach a copy of a proposed amended pleading "vitiate[s] any need for the district court to explain why permitting amendment . . . [is] not in the interest of justice"); *Johnson v. District of Columbia*, 49 F. Supp 3d. 115, 122 (D.D.C. 2014) (denying motion for leave to amend where plaintiff "did not attach an original of her proposed amended complaint—as is required by Local Rule 15.1—making it impossible for the Court . . . to evaluate the merits of her request for leave to amend").  Though the Court will deny Barry's motion, it will do so without prejudice.  Accordingly, Barry may renew his motion for leave to file an amended complaint with respect to his retaliation claim, but he must comply with the Local Rules.

**CONCLUSION**

For the foregoing reasons, the Court denies the Secretary's motion to dismiss with respect to Barry's Title VII claim.  The Court also grants the Secretary's motion to dismiss Barry's amendment claim under the Privacy Act for lack of jurisdiction, and it grants summary judgment with respect to Barry's FOIA claim and any improper disclosure claim asserted under the Privacy Act.  Finally, the Court denies Barry's motion for leave to amend his complaint without prejudice.  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

March 29, 2021